**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| LEROY H. HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-357-TWP-MJD |
| ) | |
| CRAIG HANK, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Entry, the Petition of Leroy H. Hall ("Mr. Hall") for a writ of habeas corpus (Dkt. 1) must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. BACKGROUND

Mr. Hall is serving an aggregate sentence of fifty-two years imposed by an Indiana state court following his convictions for rape, criminal confinement, battery, attempted rape, intimidation, and criminal mischief. His convictions were affirmed on appeal in *Hall v. State*, No. 49A02-0611-CR-983 (Ind.Ct.App., Nov. 27, 2007), although the case was remanded for correction of certain of Mr. Hall's sentences. The denial of Mr. Hall's petition for post-conviction relief was remanded in *Hall v. State*, No. 49A02-1101-PC-65 (Ind.Ct.App., Aug. 8, 2011), and the renewed denial of post-conviction relief was affirmed on appeal in *Hall v. State*, No. 49A02-1202-PC-68 (Ind.Ct.App., Aug. 30, 2012) (hereafter "the PCR appeal").

In the PCR appeal, Mr. Hall argued that he had been completely deprived of counsel at trial and had been denied the effective assistance of counsel at trial. The first of these arguments

relies on *United States v. Cronic,* 466 U.S. 648 (1984), while the second of these arguments relies on the test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

## II. DISCUSSION

Mr. Hall seeks relief pursuant to 28 U.S.C. § 2254(a). "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States, ex rel., Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is 'no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

The inquiry in this case centers on procedural default.

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b)

that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*).

Here, the Indiana Court of Appeals found that Mr. Hall had waived his *Cronic* claim because it had not been included with his action for post-conviction relief. The Indiana Court of Appeals found, in the alternative that the *Cronic* claim was meritless.

The Indiana Court of Appeals recognized the familiar two-prong test in *Strickland.* "To prevail on an ineffective-assistance[-]of-counsel claim under *Strickland,* a petitioner must demonstrate that his counsel's assistance was objectively unreasonable and resulted in a substantial risk of prejudice." *Brown v. Finnan,* 598 F.3d 416, 419 (7th Cir. 2010). The Indiana Supreme Court reasonably analyzed the deficient performance prong of *Strickland* and found it unnecessary to reach the question of prejudice. This was fully in accord with federal law as determined by the Supreme Court of the United States. *See, e.g., United States v. Slaughter,* 900

F.2d 1119, 1124 (7th Cir. 1990) (if the court finds either the performance or the prejudice component of the ineffective assistance claim deficient, there is no need to consider the sufficiency of the other component). Mr. Hall therefore cannot prevail based on either of his arguments under the Sixth Amendment with respect to the decision of the Indiana Court of Appeals in the PCR Appeal.

The respondent is correct, moreover, in arguing the Mr. Hall faces another obstacle here. The PCR appeal was decided by the Indiana Court of Appeals, an intermediate appellate court. Indiana law provides for the Indiana Supreme Court's discretionary review of decisions by the Indiana Court of Appeals. That review occurs when a petition to transfer is filed and granted. *In re Creation of S.-W. Lake Maxinkuckee Conservancy Dist.*, 875 N.E.2d 222, 227 (Ind.Ct.App. 2007). An appellant seeking to have the Supreme Court exercise discretionary jurisdiction over a direct appeal pursuant to Appellate Rule 4(A)(2) must file a motion with the Indiana Supreme Court pursuant to Appellate Rule 56. *Id.* A petition to transfer is required to contain a brief statement identifying the issue, question, or precedent warranting transfer. 24 Ind. Prac., Appellate Procedure § 2.12 (3d ed. 2012) (citing Appellate Rule 56(g)(1)).

Mr. Hall's petition to transfer is part of the expanded record and reveals that the sole ground on which he sought transfer of the PCR appeal was that the Indiana Court of Appeals had applied an incorrect standard of review in the PCR appeal. The proper standard of review is:

> On appeal [from the denial of post-conviction relief], petitioner stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law.

*Fleenor v. State*, 622 N.E.2d 140, 142 (Ind. 1993), *cert. denied*, 513 U.S. 999, (1994). Mr. Hall did not even recognize the foregoing in his petition to transfer, but made reference to the more

general standard of appellate review. Regardless, what was entirely absent from the petition to transfer is any reference to either *Cronic* or *Strickland* or to the holdings of those cases. Mr. Hall's failure to include his habeas claim in his petition to transfer constitutes his procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

### III. CONCLUSION

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Mr. Hall has encountered the hurdle produced by the doctrine of procedural default. He has not overcome these defaults, either in relation to the *Cronic* decision in the PCR appeal or the content of his petition to transfer to the Indiana Supreme Court.

Mr. Hall has not shown the presence of circumstances permitting him to overcome these hurdles, and hence the Court is not permitted to reach the merits of his claims. His Petition for a writ of habeas corpus (Dkt. 1) is therefore **DISMISSED.** Judgment consistent with this Entry shall now issue. Mr. Hall's Motion for Extension of Time (Dkt. 15) is **GRANTED**.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ʹ 2254 proceedings, and 28 U.S.C. ʹ 2253(c), the Court finds that Mr. Hall has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED**.

Date: 08/09/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Leroy H. Hall, #854050
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Henry A. Flores, Jr.
OFFICE OF THE INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov